IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:07-CV-79-FL

| | |
|---|---|
| JOANNE COOK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | ORDER |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

This matter comes now before the court on the parties' cross-motions for judgment on the pleadings. (DE ## 20, 23.) On December 5, 2008, United States Magistrate Judge William A. Webb issued memorandum and recommendation ("M&R") wherein it was recommended that this court deny plaintiff's motion and grant defendant's motion. Plaintiff filed objections to which defendant timely responded. In this posture, the issues raised are ripe for decision.

## STATEMENT OF THE CASE

Plaintiff filed application for Supplemental Security Income payments on March 31, 2004, alleging disability beginning on March 15, 2002. Plaintiff's claims were denied initially and upon reconsideration. On December 4, 2006, plaintiff appeared and testified before an Administrative Law Judge ("ALJ") via video teleconference. A vocational expert was present and testified as well. On January 24, 2007, the ALJ issued decision denying plaintiff's claims, and the Appeals Council denied plaintiff's request for review on April 27, 2007, thereby rendering the ALJ's decision the final decision of the Commissioner of Social Security ("Commissioner").

On June 6, 2007, plaintiff filed complaint in this court seeking review of that decision. In

her motion for judgment on the pleadings, plaintiff contends that the ALJ's decision should be reversed on the grounds that the ALJ erred by (1) failing to properly assess plaintiff's credibility and (2) improperly finding that plaintiff had the Residual Functional Capacity ("RFC") to perform light work.

In M&R entered December 5, 2008, the magistrate judge rejected plaintiff's arguments and recommended that this court grant defendant's motion for judgment on the pleadings. Plaintiff filed objection to the M&R on December 12, 2008, to which defendant responded on December 19, 2008. After careful consideration, the court adopts the M&R and defendant's motion is granted.

## DISCUSSION

### A. Standard of Review

The court may "designate a magistrate judge to conduct hearings . . . and to submit to a judge of the court proposed findings of fact and recommendations for the disposition" of a variety of motions, including motions for judgment on the pleadings. 28 U.S.C. § 636(b)(1)(A)-(B). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). The court is obligated to make *de novo* determinations of those portions of the M&R to which objections have been filed. Id.; see also Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).[1]

This court is authorized to review the Commissioner's denial of benefits under 42 U.S.C. § 405(g). It must uphold the findings of the ALJ if they are supported by substantial evidence and

---

[1] Plaintiff frames her objections as a motion filed pursuant to Federal Rule of Civil Procedure 59(e). Rule 59(e), however, governs motions to alter or amend judgments, and no judgment has been entered in this matter. Accordingly, the court construes plaintiff's December 12, 2008 filing as objections to the M&R, filed pursuant to 28 U.S.C. § 636(b)(1).

2

were reached through application of the correct legal standard. Id.; Craig v. Chater, 76 F.3d 585, 589 (4th. Cir. 1996). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consol. Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). "It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Blalock v. Richardson, 483 F.2d 773, 776 (4th Cir. 1972) (quoting Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966)).

In its inquiry, the court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001) (quoting Craig, 76 F.3d at 589). "Ultimately, it is the duty of the administrative law judge reviewing a case, and not the responsibility of the courts, to make findings of fact and to resolve conflicts in the evidence." Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Even if the court disagrees with the commissioner's decision, the court must uphold it if it is supported by substantial evidence and was reached through application of the correct legal standard. Id. With these principles in mind, and having benefit of the M&R, the court turns to the arguments at hand.

### B. Plaintiff's M&R Objections

#### 1. The ALJ's credibility determination

Plaintiff contends the magistrate judge erred in determining that the ALJ's findings as to plaintiff's credibility were reached through the application of the correct legal standard and supported by substantial evidence. In her argument, however, plaintiff does not distinguish between errors allegedly made by the ALJ and errors allegedly made by the magistrate judge in reaching specific findings. Indeed, in the discussion of her objections, plaintiff only restates without

3

substantive alteration, and for the most part *verbatim*, arguments made in her initial memorandum.

Specifically, plaintiff argues in her objections that the ALJ improperly determined claimant's statements concerning the intensity, persistence, and limiting effects of her symptoms were not entirely credible. (Pl's Obj., pp. 4-5.) Plaintiff stated this argument, nearly *verbatim*, in plaintiff's memorandum in support of her motion for judgment on the pleadings. (Pl's Mem. in Supp. of Mot. for Judg. on Pl., pp. 7, 9-10.)[2] The magistrate judge thoroughly addressed this argument at pages 12-13 of the M&R by discussing the process the ALJ followed in determining plaintiff's credibility and the substantial evidence in the record in support of the ALJ's decision. (See also M&R pp. 4-10 (recounting evidence in the record that weighs on plaintiff's credibility as to the intensity, persistence, and limiting effects of her symptoms).)

After conducting *de novo* review of the arguments presented, the court determines that the M&R adequately addresses all issues raised in plaintiff's objections. Accordingly, the court adopts as its own the discussion in the M&R on this issue.

## 2. The ALJ's determination as to plaintiff's RFC

Plaintiff argues in her objections that the ALJ erred in determining plaintiff's RFC rendered

---

[2] Of the six paragraphs that form plaintiff's argument on this point, the only difference in the two filings, aside from the opening sentences, is that the final paragraph of the argument in plaintiff's objections includes more citations to the record than the final paragraph of the argument in plaintiff's memorandum. After careful review of the record, the court does not find any evidence that undermines the magistrate judge's determination as to the adequacy of the ALJ's credibility finding. Plaintiff's objections also include the following paragraph that does not appear in plaintiff's memorandum:

> Plaintiff specifically objects to the Court's conclusion that the ALJ properly addressed Plaintiff's credibility. As outlined in Plaintiff's Memorandum of Law, the testimony offered at hearing is consistent with the medical record which shows Plaintiff suffers from a number of severe impairments which have rendered her disabled.

(Pl's Obj. p. 4.) This paragraph sets plaintiff's argument in the context of her objections filing, but offers no new substantive argument.

4

her capable of performing light work. (Pl's Obj., pp. 5-7.) Again, plaintiff stated this argument, in nearly identical terms, in plaintiff's initial memorandum at pages 10-12. Plaintiff's argument as to how the ALJ erred in determining her RFC is two-fold.

Plaintiff's first contention is that the limitations she described in her testimony preclude her from performing light work. This argument, however, is rendered meaningless in light of the court's determination that the ALJ properly concluded that plaintiff's statements concerning her limitations were not entirely credible.

Plaintiff also contends that the magistrate judge erred in finding that the ALJ properly rejected Dr. W. Jim Miller's conclusion regarding plaintiff's work capacity. In particular, plaintiff points to Dr. Miller's opinion that plaintiff "would have difficulty tolerating stress and pressures associated with day-to-day work activity." (R. 203.) The ALJ summarized Dr. Miller's evaluation notes in his decision, and accordingly must have considered them in making his determination. (R. 17.) The regulations distinguish between medical opinions based on an examining relationship, and those based on a treatment relationship. See 20 C.F.R. § 404.1527(d). The record indicates Dr. Miller was an examining consultant rather than a treating source, and so as a general matter his opinion is entitled to less weight than a treating source's would be. See Morgan v. Barnhart, 142 Fed. Appx. 716, 727 (4th Cir. 2005).

Even assuming *arguendo* that Dr. Miller was a treating source, his opinion would not warrant controlling weight, as the Fourth Circuit has held that if a treating physician's opinion is not supported by clinical evidence or inconsistent with other substantial evidence it should be accorded significantly less than controlling weight. Craig v. Chater, 76 F.3d 585, 590 (4th Cir. 1996). The ALJ noted that plaintiff's treating physicians never indicated that claimant's impairments could

reasonably be expected to result in work-related limitations, and that plaintiff has never been treated by a psychiatrist or any mental health facility. (R. 19.) The court's role is not to re-weigh the evidence before the ALJ, but to ensure the ALJ's conclusion is supported by substantial evidence and was reached through application of the proper legal standard. The ALJ's determination as to plaintiff's RFC meets those requirements here.

## CONCLUSION

Upon *de novo* review of the issues presented, the court accepts in whole the M&R, rejects plaintiff's objections, and upholds the Commissioner's decision. Accordingly, plaintiff's motion for judgment on the pleadings (DE # 20) is DENIED, and defendant's motion for judgment on the pleadings (DE # 23) is GRANTED. The clerk is directed to close the case file.

SO ORDERED this 7 day of April, 2009.

LOUISE W. FLANAGAN
Chief United States District Judge.